IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 3 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| LAMONNE OSHE IVORY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-985-A |
| | § | (NO. 4:18-CR-015-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lamonne Oshe Ivory,
movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence. The court, having considered the motion, the
government's response, the record, including the record in the
underlying criminal case, No. 4:18-CR-015-A, and applicable
authorities, finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying
criminal case reflects the following:

On March 27, 2018, movant was named in a five-count
superseding indictment, charging him in count one with being a
felon in possession of a firearm, in violation of 18 U.S.C.
§§ 922(g)(1) and 924(a)(2), in count two with conspiracy to
possess with intent to distribute cocaine, in violation of 21

U.S.C. § 846, in count three with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in count four with possession with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and in count five with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR Doc.[1] 44.

Defendant filed a motion to suppress search and arrest, CR Doc. 24, and a motion to suppress illegally obtained evidence and the fruits thereof. CR Doc. 25. He later filed a motion to suppress search of cellular phones. CR Doc. 41. The court heard the motions, CR Doc. 53, and denied them. CR Doc. 58.

Movant was tried by a jury, which found him guilty on all counts. CR Doc. 69. The probation officer prepared a presentence report ("PSR"), which reflected that movant's base offense level was 20. CR Doc. 71, ¶ 43. He received a two-level enhancement because the offense involved between three and seven firearms, Id. ¶ 43 (second such paragraph), and a two-level enhancement because a firearm was stolen. Id. ¶ 44. Based on a total offense

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-015-A.

2

level of 24 and a criminal history category of III, the guideline imprisonment range was 63 to 78 months. Id. ¶ 98. Movant filed objections, CR Doc. 92, and the probation officer prepared an addendum to the PSR. CR Doc. 74. In particular, the probation officer agreed with one of movant's objections, which resulted in his having a criminal history category of II and a guideline imprisonment range of 57 to 71 months. Id.

On August 31, 2018, movant was sentenced to terms of imprisonment of 71 months as to each of counts 1, 2, 3, and 4 of the superseding indictment, to run concurrently with each other, and to a term of 60 months as to count 5 of the superseding indictment, to run consecutively to the sentences imposed in counts 1-4, for an aggregate sentence of 131 months. CR Doc. 88. Movant appealed, CR Doc. 90, and the judgment and sentence were affirmed. United States v. Ivory, 783 F. App'x 325 (5th Cir. 2019).

III.

Grounds of the Motion

Movant urges two grounds in support of his motion. First, he says that his counsel was ineffective "having failed in his duties and obligations" to movant. Doc.[2] 1 at PageID[3] 4. Second,

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

he says that the indictment "improperly combined elements of both 18 U.S.C. [§] 924(c) offenses for which [movant] is actually innocent." Id. at PageID 5. Movant also filed a memorandum in support of his motion. Doc. 6.

### III.

### Standards of Review

#### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other

4

words, a writ of habeas corpus will not be allowed to do service
for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);
United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).
Further, if issues "are raised and considered on direct appeal, a
defendant is thereafter precluded from urging the same issues in
a later collateral attack." Moore v. United States, 598 F.2d 439,
441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d
515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

     To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984); see also
Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not
determine whether counsel's performance was deficient before
examining the prejudice suffered by the defendant as a result of
the alleged deficiencies." Strickland, 466 U.S. at 697; see also
United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).
"The likelihood of a different result must be substantial, not
just conceivable," Harrington v. Richter, 562 U.S. 86, 112
(2011), and a movant must prove that counsel's errors "so

5

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Under his first ground, movant makes a number of arguments regarding his counsel. These are discussed under the heading "supporting facts." Doc. 6 at PageID 28.[4]

Movant first says that his counsel failed to challenge the veracity of the search warrant. Id. He is mistaken. His counsel filed three separate motions to suppress. The court heard evidence and overruled the motions. Movant does not explain what more counsel could have done.

---

[4] The court is using the "PageID" reference as to Doc. 6 because the pages of that document appear to have been filed out of order.

Movant next argues that his counsel failed to prepare. Under this subheading, he says that his counsel failed to conduct an adequate investigation, but he does not say what such an investigation would have entailed or how it would have changed the outcome. He concludes with the false statement that counsel's failures "left [movant] with no choice but to plead guilty to the charges against him." Id. at PageID 22. Movant has failed to adequately support this contention. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)(one who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case).

Movant next alleges that his counsel "accepted the prosecution's version of facts as true." Doc. 6 at PageID 22-23. He refers to erroneous assertions listed in the PSR, but does not explain what he means. He also discusses counsel's alleged failure to object to facts used at sentencing. Id. at PageID 23-24. Again, the allegations are conclusory. The only specific facts (which are described as the "primary facts" supporting his challenges) to which movant refers are that he was not a resident of the home where the search warrant was executed and that he was not listed on any rental agreement. These arguments were raised and considered at the suppression hearing. That

7

movant lost his challenge does not mean that he received
ineffective assistance of counsel.

Under his second ground, movant argues that the indictment
improperly combined elements of both 18 U.S.C. § 924(c)
offenses. Doc. 6 at PageID 24-25 (citing United States v. Combs,
369 F.3d 925 (6th Cir. 2004)(holding that section 924(c)
criminalizes two separate offenses, use or carriage and
possession of firearms)). He did not raise this ground on appeal
and cannot raise it here. Shaid, 937 F.2d at 232. In any event,
Count Five of the superseding indictment is not duplicitous. It
charges movant with possession of firearms in furtherance of a
drug trafficking crime. CR Doc. 44 at 5. He claims that he did
not possess any firearms, but the jury found otherwise. Movant
cannot prevail on this ground.

Finally, the court notes that many of the arguments raised
in the motion were raised on appeal and determined to be without
merit. Ivory, 783 F. App'x at 327-30. This is not the proper
place to rehash his arguments. Moore, 598 F.2d at 441.

V.

Order

The court ORDERS that all relief sought by movant in his
motion under 28 U.S.C. § 2255 be, and is hereby, denied.

8

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 23, 2020.

JOHN MCBRYDE
United States District Judge

9